BRYCE W. TALBOT, AZ Bar No. 03576
   btalbot@foley.com
**FOLEY & LARDNER LLP**
95 SOUTH STATE STREET, SUITE 2500
SALT LAKE CITY, UT 94111-1760
TELEPHONE:  801.401.8900
FACSIMILE:   385.799.7576

EILEEN R. RIDLEY, CA Bar No. 151735 (admitted *pro hac vice*)
   eridley@foley.com
EMMA E. SOLDON, CA Bar No. 345323 (admitted *pro hac vice*)
   esoldon@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TELEPHONE:  415.434.4484
FACSIMILE:   415.434.4507

Attorneys for Plaintiff FBC Mortgage,
LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| FBC Mortgage, LLC, a Florida limited liability company,<br><br>                    Plaintiff,<br><br>   vs.<br><br>New American Funding, LLC, a Delaware limited liability company; Broker Solutions, Inc., a California corporation; and Does 1 through 100, inclusive,<br><br>                Defendants. | Case No. 2:23-cv-02629-SPL<br><br>**PLAINTIFF FBC MORTGAGE, LLC'S SUPPLEMENTAL BRIEF REGARDING THE INAPPLICABILITY OF THE FIRST-TO-FILE RULE**<br><br>Hon. Steven P. Logan |

**TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................4

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................4

III.   LEGAL STANDARD...................................................................................................5

IV.    ARGUMENT ...............................................................................................................6

     A.    THE FIRST-TO-FILE RULE DOES NOT APPLY BECAUSE THE PARTIES
          AND ISSUES ARE DIFFERENT ........................................................................6

          1.    The Parties to This Action Are Distinct From Those in the
              California Action .....................................................................................6

          2.    The Issues in this Action Are Distinct From Those in the
              California Action .....................................................................................7

     B.    THE COURT SHOULD EXERCISE ITS DISCRETION TO DENY
          APPLICATION OF THE FIRST-TO-FILE RULE......................................................10

V.     CONCLUSION............................................................................................................12

**CASES**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991) ............................................................................ passim

*Columbia Plaza Corp. v. Security National Bank*,
  525 F.2d 620 (D.C. Cir. 1975) ................................................................................ 11

*Curtis v. Citibank, N.A.*,
  226 F.3d 133 (2d Cir. 2000) ................................................................................. 7, 9

*Dubee v. P.F. Chang's China Bistro, Inc.*,
  No. C 10-01937 WHA, 2010 WL 3323808 (N.D. Cal. Aug. 23, 2010) ...................... 6, 8, 10

*Kahn v. Gen. Motors Corp.*,
  889 F.2d 1078 (Fed. Cir. 1989) ............................................................................... 11

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180 (1952) ............................................................................................... 11

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
  787 F.3d 1237 (9th Cir. 2015) ................................................................................. 6, 7

*Landis v. North American Co.*,
  299 U.S. 248, 257 (1936) ........................................................................................ 11

*NWDC Resistance v. Immigr. & Customs Enf't*,
  No. 3:18-CV-5860-RBL, 2019 WL 12262490 (W.D. Wash. May 30, 2019) .............. 6, 8, 10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1992) ............................................................................... passim

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) ................................................................................... 11

*Prescott v. CVS Health Corp.*,
  No. C17-803RSL, 2017 WL 5756873 (W.D. Wash. Nov. 28, 2017) ............................ 6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  C 12–05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014) ..................................... 12

Pursuant to the Court's Order dated March 11, 2024 (Dkt. 17), Plaintiff FBC Mortgage, LLC ("FBC") submits this supplemental brief regarding the inapplicability of the first-to-file rule.

## I.    INTRODUCTION

The parties and issues are not substantially similar to those in the California Action,[1] and Defendants New American Funding, LLC and Broker Solutions, Inc. ("Defendants" or "NAF") have therefore failed to make the threshold showing required to apply the first-to-file rule. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir. 1991) (*Alltrade*).  Before the court are two cases with different parties, different issues, different facts, and different applicable laws.  The California Action concerns California defendants violating California law and interfering with FBC's business relationships in California, whereas this case concerns persons in Arizona violating Arizona law and interfering with FBC's business relationships solely in the Arizona market.  Even if this Court were to find that the parties and the issues are substantially similar, equitable considerations support denying application of the rule in this case.  District court judges have discretion to deny application of the first-to-file rule even where the threshold factors have been met.  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1992) (*Pacesetter*). Applying the first-to-file rule in this case would turn the purpose of the rule on its head: the letter and spirit of the rule aim to prevent forum-shopping, yet ironically, applying the rule in this case would *promote* forum shopping by allowing NAF to violate the law in multiple jurisdictions, and then cherry-pick which litigation is allowed to proceed against it.  This Court should exercise its sound discretion and decline to apply the first-to-file rule in this case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

In late 2022, NAF solicited an entire branch of FBC employees in order to obtain FBC's trade secrets, interfere with FBC's relationships with its California employees, and undercut FBC in the Northern California market.  (*See FBC Mortgage, LLC v. Broker Solutions, Inc. et al*, Case No. 3:23-cv-00143-CRB, at Dkt. 1.)  In response, FBC filed the California Action, naming NAF

---

[1] This action is referred to as the "Arizona Action," and the "California Action" means *FBC Mortgage, LLC v. Broker Solutions, Inc. et al*, Case No. 3:23-cv-00143-CRB, in the Northern District of California.

and some of its former employees as Defendants.  (*Id.*)  The California Action involves claims under federal and California law.  (*Id.*)

Several months after the California Action was filed, NAF began another campaign to misappropriate FBC's trade secrets and interfere with FBC's contractual and business relationships in Arizona.  NAF started targeting FBC's Arizona employees, who have nothing to do with the California Action, on or around September 2023—several months after the California Action was filed.  (*See* Dkt. 1 [Complaint], at ¶¶ 71–73.)  Once FBC discovered that NAF had expanded its campaign to Arizona, it had no choice but to file the instant action, asserting claims under federal and Arizona law.

The two actions involve different parties, different issues, different law, and different facts, and are totally dissimilar save for NAF's unlawful pattern and practice.  After violating the law and engaging in tortious conduct in multiple states, NAF now seeks to cherry-pick which litigation is allowed to proceed against it by asking this Court to stay the instant action pending resolution of the unrelated California Action.

On March 11, 2024, the Court ordered the parties to file simultaneous supplemental briefs regarding the first-to-file rule.  (Dkt. 17.)

## III.      LEGAL STANDARD

The party advocating the applicability of the first-to-file rule must first establish three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."  *Alltrade*, 946 F.2d at 625–26.  The first-to-file rule should not be applied "too rigidly or mechanically"; even if the above factors are met, this Court has discretion to deny application of the first-to-file rule based on equitable considerations.  *Pacesetter*, 678 F.2d at 95.

IV.     **ARGUMENT**

    A.     **The First-to-File Rule Does Not Apply Because the Parties And Issues Are Different**

        1.     **The Parties to This Action Are Distinct From Those in the California Action**

A party seeking a stay pursuant to the first-to-file rule must establish, among other things, an identity of the parties in the two cases. *Alltrade*, 946 F.2d at 625–26. Although the parties in the two actions need not be identical, there must be *substantial* similarity. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (*Kohn*). District courts in the Ninth Circuit have declined to apply the first-to-file rule, for example, where only some of the defendants in the two actions were the same, notwithstanding that both cases involved similar classes of plaintiffs. *Prescott v. CVS Health Corp.*, No. C17-803RSL, 2017 WL 5756873, at *2 (W.D. Wash. Nov. 28, 2017) (*Prescott*). Similarly, other courts have found that the parties were not substantially similar even though the putative class in the second action could potentially encompass the individual plaintiff in the first. *Dubee v. P.F. Chang's China Bistro, Inc.*, No. C 10-01937 WHA, 2010 WL 3323808, at *2 (N.D. Cal. Aug. 23, 2010) (*Dubee*). These cases are not limited to the class action context: courts have also declined to apply the first-to-file rule based on the dissimilarity of two individual plaintiffs—even though the defendant in both actions was the same. *NWDC Resistance v. Immigr. & Customs Enf't*, No. 3:18-CV-5860-RBL, 2019 WL 12262490, at *3 (W.D. Wash. May 30, 2019) (*NWDC Resistance*).

Here, the first-to-file rule does not apply because the parties in the California Action are different from those in the instant action. The California Action names includes four defendants who are not named in the Arizona Action: Brian Skarg, Amanda Benson, Ryan Gee, and Joshua Savea. (*See FBC Mortgage, LLC v. Broker Solutions, Inc. et al*, Case No. 3:23-cv-00143-CRB, in the Northern District of California, at Dkt. 7 [First Amended Complaint].) Likewise, the Arizona Action includes a defendant not named in the California Action: New American Funding, LLC, a Delaware corporation. (*See* Dkt. 1 [Complaint].)

The Ninth Circuit's decision in *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (*Kohn*), is distinguishable from the facts of this case. In *Kohn*,

the Ninth Circuit rejected the argument that the parties were not substantially similar because only *one* of the defendants in the Mississippi action was not a party to the California action, and because resolution of the Mississippi action would resolve the California action. *Id.*

Not so here.  Whereas the plaintiff had omitted only *one* defendant in *Kohn*, here, *four* defendants who are parties to the California Action are not parties to this action.  Perhaps more importantly, as explained above, resolution of the California action will not resolve this action because the cases involve the application of different law to different facts and distinct causes of action, and the events alleged in the Arizona complaint occurred long after the California Action was filed.  Even under the authority cited in Defendants' Motion to Stay, claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit. The crucial date is the date the complaint was filed." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (citation omitted) (*Curtis*).  Here, the California Action was filed in January 2023, and therefore it cannot preclude litigation of the events alleged in the Arizona complaint, which occurred in September–November 2023.

Further, the California Action and the Arizona Action deal with completely different facts and law, and therefore, the California Action will not resolve the Arizona Action.  The California Action deals with allegations related to non-solicitation and non-disclosure covenants, and does not involve non-competition agreements.  By contrast, FBC's allegations in the Arizona Action include that Defendants induced FBC's former employees in Arizona to breach their non-competition agreements.  Even if the California Action were resolved in its entirely, and even assuming *arguendo* that the California Action would have a preclusive effect on this case, the California Action could not possibly resolve the allegations related to the non-competition agreements at issue in this case.

**2.**      **The Issues in this Action Are Distinct From Those in the California Action**

Even if this Court determines that the parties are substantially similar, it should not apply the first-to-file rule because the issues involved in the two pending suits are not substantially similar. *Alltrade*, 946 F.2d at 625–26.  When comparing the issues, courts look to whether there is "substantial overlap" between the allegations, the parties' claims, and the remedies sought.

*Pacesetter*, 678 F.2d at 95.  "[C]ourts may decline to apply the rule if the claims will require different legal analyses, even if the underling allegations are substantially similar." *NWDC Resistance*, 2019 WL 12262490, at *4.  For example, in *NWDC Resistance*, the court concluded that although "the allegations and relief sought in the two cases are nearly the same," the issues were not "substantially similar" because the cases involved different causes of action and one case "involve[d] a much larger swath of [defendant]'s conduct affecting a much more numerous group of plaintiffs. These differences in legal analysis and scope weigh against applying the [first-to-file] rule." *Id.* at *5; *see also Dubee*, 2010 WL 3323808, at *2 (issues not "substantially similar" where, although "both actions allege similar wage-and-hour violations by defendant," one case involved claims of a state-wide business practice and policy affecting an entire class of employees, whereas the other case proceeded as an individual action).

The issues involved in the California Action are not substantially similar to the issues involved in this action because two cases involve different challenged conduct, occurring over different time periods, and different causes of action and governing law.

### a.  Different Challenged Conduct

The California and Arizona Actions involve different people, different lines of business, and conduct occurring in different years.  FBC initiated the California Action after NAF unlawfully solicited an entire branch of FBC's employees in Northern California, as part of a concerted campaign to misappropriate FBC's trade secrets and steal FBC's protectable business relationships in the Northern California mortgage lending market.  (*See FBC Mortgage, LLC v. Broker Solutions, Inc. et al*, Case No. 3:23-cv-00143-CRB, in the Northern District of California, at Dkt. 7 [First Amended Complaint], at ¶¶ 9–10.)  Among other employees, NAF worked in concert with the named defendants in the California Action, *none of whom* are named in this action: Brian Skarg, Amanda Benson, Ryan Gee, and Joshua Savea.  (*Id.*)  By contrast, this case involves unlawful conduct that took place entirely in *Arizona* via NAF's unlawful solicitation of *different former employees*—namely, Margaret Livingston, Jon Mount, Rosa Gamboa, and Jonathan Pennington—in order to misappropriate FBC's trade secrets and interfere with FBC's

contractual relationships *in Arizona*.  (*See* Dkt. 1 [Complaint], at ¶¶ 23–26.)  The challenged conduct in this action is entirely distinct from the California Action.

### b.  Occurring Over Different Time Periods

Not only are the facts of the two actions are entirely different from one another, but moreover, the facts asserted in the Arizona Complaint occurred *long after* the California Action was filed.  Granting a stay will not simplify any of the issues in this litigation because the California Action will have no preclusive effect on the Arizona Action.  To FBC's knowledge, NAF's unlawful conduct in Arizona began around September 2023, several months after the California Action was filed on January 11, 2023. As FBC explained in its opposition, claim preclusion "does not preclude litigation of events arising after the filing of the complaint that formed the basis of the first lawsuit. The crucial date is the date the complaint was filed." *Curtis*, 226 F.3d at 139 (citation omitted).  Therefore, the California Action cannot preclude litigation of this case, which involves events arising *after* the filing of the California Action.

### c.  Different Causes of Action and Governing Law

Finally, the issues are not substantially similar because the two cases are governed by different state laws, and include ten unique claims—seven of which must be decided by the California Court, and three of which must be decided by this Court.  As stated in FBC's Opposition, the California Action involves seven causes of action that are not at issue in this case:

1. breach of contract;

2. breach of fiduciary duty;

3. negligent interference with prospective economic advantage;

4. violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

5. violation of the California Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502;

6. violation of the California Uniform Trade Secrets Act, California Civil Code § 3426; and

7. violation of California Business and Professions Code § 17200.

(*See FBC Mortgage, LLC v. Broker Solutions, Inc. et al*, Case No. 3:23-cv-00143-CRB, in the Northern District of California, at Dkt. 7 [First Amended Complaint].)  This case involves three additional causes of action that are not at issue in the California Action:

    8.  violation of the Arizona Uniform Trade Secrets Act, A.R.S. § 44-401;

    9.  violation of A.R.S. § 44-1521; and

    10. civil conspiracy.

(*See* Dkt. 1 [Complaint].)  Of course, California law governs the state law claims in the California Action, and Arizona law governs the state law claims in the Arizona Action.

       The issues in this case are not substantially similar to the issues in the California Action. Although there may be some overlap in the content of FBC's allegations, this only serves to show that NAF is engaged in an unlawful pattern and practice of misappropriating FBC's trade secrets and interfering with FBC's contractual and business relationships across multiple jurisdictions. This Court can properly deny application of the first-to-file rule despite the similarity in allegations because the parties, the facts, and the law are all different between the two actions: the California case involves NAF's unlawful conduct with FBC's California employees in the Northern California market, whereas this case concerns NAF's unlawful conduct that occurred almost a year later and that involved FBC's *Arizona* business and *Arizona* employees.  *See Pacesetter*, 678 F.2d at 95.   (first-to-file rule requires "substantial overlap" between the allegations, the parties' claims, and the remedies sought); *see, e.g.*, *NWDC Resistance*, 2019 WL 12262490, at *4 (issues not "substantially similar" even where "allegations and relief sought in the two cases are nearly the same"); *Dubee*, 2010 WL 3323808, at *2 (issues in two wage-and-hour cases not "substantially similar" given that one case involved claims of a state-wide business practice and policy, and other did not).

**B.**    **The Court Should Exercise Its Discretion to Deny Application of the First-to-File Rule**

       Both the parties and issues are dissimilar between this action and the California Action, and NAF has therefore failed to make the threshold showing required to apply the first-to-file rule. Even if this Court were to find that the parties and the issues are substantially similar, equitable

considerations support denying application of the rule in this case.  The first-to-file rule is not a rigid rule to be mechanically applied, and district court judges can, in the exercise of their discretion, decline to follow the rule even where the threshold factors have been met.  *Pacesetter*, 678 F.2d at 95.  "The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" *Alltrade*, 946 F.2d at 628 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)) (citing *Pacesetter*, 678 F.2d at 95).  The letter and spirit of the first-to-file rule, therefore, are grounded on equitable principles.  *See Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620, 621 (D.C. Cir. 1975).  The typical equitable factors that may create an exception to the first-to-file rule include anticipatory suit, bad faith, and forum shopping.  *Alltrade*, 946 F.2d at 628.

Applying the first-to-file rule in this case would turn the equitable purpose of the rule on its head.  As stated above, one of the traditional evils that the first-to-file rule seeks to eradicate is forum shopping.  *Id.*  Yet staying this action would allow NAF to do just that—to violate the law in multiple jurisdictions, and then cherry-pick which litigation is allowed to proceed against it.

The convenience of witnesses and FBC's right to seek relief also weigh in favor of denying application of the first-to-file rule.  Staying this action would substantially prejudice FBC by allowing its direct competitor to continue misappropriating FBC's trade secrets and interfering with FBC's business relationships in Arizona, while needlessly delaying FBC's ability to obtain relief.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989) (citing *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)) ("It is the duty of courts to avoid unnecessary delay in resolving the rights of litigants."); *see also Verinata Health, Inc. v. Ariosa Diagnostics, Inc.,* C 12–05501 SI, 2014 WL 121640, at *3 (N.D. Cal. Jan. 13, 2014) (courts are reluctant to stay proceedings where the parties are direct competitors).

Thus, even if the Court finds that the first-to-file rule could properly be applied in this circumstance, the Court should exercise its discretion to deny a stay.  *Pacesetter*, 678 F.2d at 95

(district court judges have discretion to decline to apply first-to-file rule even if threshold factors have been met); *Alltrade*, 946 F.2d at 628 ("The most basic aspect of the first-to-file rule is that it is discretionary; 'an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'").

## V.      CONCLUSION

For the foregoing reasons, and the reasons set forth in FBC's Opposition (Dkt. 15), FBC respectfully requests that this Court deny application of the first-to-file rule and deny Defendants' Motion to Stay.

Dated: March 26, 2024

**FOLEY & LARDNER LLP**
Bryce W. Talbot
Eileen R. Ridley
Emma E. Soldon

*/s/ Eileen R. Ridley*
Eileen R. Ridley
Attorneys for Plaintiff FBC MORTGAGE, LLC